IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL PHILLIP PATRAKIS, #08431-122, | ) ) | CIV. NO. 17-00454 DKW-KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e) |
| vs. | ) ) | |
| NEST LABS and TONY FADELL, | ) ) | |
| Defendants. | ) ) | |

Plaintiff Michael Phillip Patrakis is incarcerated at the Federal Detention Center-Honolulu ("FDC").[1] He alleges this Court has diversity jurisdiction over his breach of contract and negligence claims against Defendants Nest Labs and its Chief Executive Officer, Tony Fadell, who are alleged to be citizens of California. *See* 28 U.S.C. § 1332; Compl., ECF. No. 1. Plaintiff alleges that he purchased a home video surveillance system from Defendants, who failed to prevent an unauthorized user from accessing this system on or about September 16, 2015, resulting in the loss of more than $75,000 in personal property and his "freedom." ECF No. 1, PageID #4.

---

[1] Plaintiff is awaiting trial in *United States v. Patrakis*, 1:17-cr-00109-LEK (D. Haw.).

For the following reasons, Patrakis's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for the failure to state a plausible claim for relief, with leave granted to amend.

## I. **STATUTORY SCREENING**

Because Patrakis is a prisoner and is proceeding in forma pauperis, the Court is required to screen his Complaint. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Screening under § 1915(e)(2) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 678.

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed

factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant- unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

## II. DISCUSSION

Patrakis's statement of facts reads:

On September 16, 2015 I called a Nest Cam representive [sic] that stated Nest Cam was unable to transfer my account back to me due to my account being linked to an email address of an unauthorized user that I did not give consent to at any given moment to discuss or transfer my Nest Cam account to anyone at any point and time. Due to this Breach of Contract and neglience [sic] of Nest Cam the damages are severe and unexcusable [sic]. I was very clear in explaning [sic] the detail of information and what I expected as a paying customer for over one year. I feel that all of this could have and should have been avoided by tansfering [sic] my account back to me as I requested on Wednesday evening of September 16, 2015. By Nest Cam unwilling to transfer my account back to me I have lost

>everything from my home and all personal belongings and my freedom. In which I am seeking all lost to be compensated.

ECF No. 1, PageID #4. Patrakis seeks $15 million for breach of contract and negligence, alleging "character defamation, emotional distress, pain and suffering, and imprisonment." *See id.*, PageID #5.

## A. Breach of Contract

> Generally, a breach of contract claim must set forth (1) the contract at issue; (2) the parties to the contract; (3) whether plaintiff performed under the contract; (4) the particular provision of the contract allegedly violated by defendants; and (5) when and how defendants allegedly breached the contract. *See Evergreen Eng'rg, Inc. v. Green Energy Team LLC*, 884 F. Supp. 2d 1049, 1059 (D. Haw. 2012); *see also Otani v. State Farm Fire & Cas. Co.*, 927 F. Supp. 1330, 1335 (D. Haw. 1996) ("In breach of contract actions . . . the complaint must, at minimum, cite the contractual provision allegedly violated. Generalized allegations of a contractual breach are not sufficient . . . the complaint must specify what provisions of the contract have been breached to state a viable claim for relief under contract law."); *Kaar v. Wells Fargo Bank, N.A.*, 2016 WL 3068396, at *1 (N.D. Cal. June 1, 2016) ("To claim a breach of contract in federal court the complaint must identify the specific provision of the contract allegedly breached by the defendant.").

*Shaughnessy v. Wellcare Health Ins. Inc.*, 2017 WL 663230, at *4 (D. Haw. Feb. 16, 2017).

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must plead sufficient, plausible "factual content that allows the court to

4

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausible claim provides more than "a sheer possibility that a defendant has acted unlawfully." *Id.* A claim that is possible, but is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

Patrakis apparently bought a video surveillance camera from Nest Labs. This can be construed as an assertion that he entered into a sales agreement with Defendants. Patrakis fails to allege the specific contract at issue or any of its relevant terms, however, or point to the particular contractual provisions that Nest Labs and Fadell allegedly violated. As written, Patrakis provides no facts from which the Court can reasonably infer that Defendants breached a contract to which he was a party. Patrakis's breach of contract claim is DISMISSED for his failure to state a claim on which relief can be granted.

**B.     Negligence**

In Hawaii, to establish a defendant's liability for negligence, a plaintiff must prove (1) the existence of a duty recognized by the law that the defendant owed to the plaintiff; (2) a breach of the duty; (3) the defendant's breach was the legal cause of the plaintiff's harm; and (4) actual damages. *See, e.g., O'Grady v. State*,

140 Haw. 36, 43 (2017), *as amended* (June 22, 2017) (citing *Doe Parents No. 1 v. Dep't of Educ.*, 100 Haw. 34, 68 (2002)).

To the extent that he alleges a separate negligence claim against Defendants, Patrakis fails to provide sufficient facts to explain what legal duty Defendants owed him, how they breached that duty, and how that breach resulted in the loss of his home, personal belongings, and freedom. Patrakis's negligence claim is DISMISSED for his failure to state plausible claim for relief.

**C.     Intentional and/or Negligent Infliction of Emotional Distress**

Patrakis seeks compensatory damages for his pain, suffering and emotional distress. That is, he does not assert a separate cause of action for either negligent ("NIED") or intentional ("IIED") infliction of emotional distress. Even liberally construing the Complaint as alleging such claims, however, Patrakis fails to plead sufficient facts to allow the Court to infer that Defendants are liable for NIED or IIED.

*1.     NIED*

To establish NIED, a plaintiff must show: "(1) that the defendant engaged in negligent conduct; (2) that the plaintiff suffered serious emotional distress; and (3) that such negligent conduct of the defendant was a legal cause of the serious emotional distress." *Caraang v. PNC Mortg.*, 795 F. Supp. 2d 1098, 1122 (D.

Haw. 2011). As with any negligence claim, the plaintiff must also establish the "existence of a duty owed by the defendant to the plaintiff, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks." *Lee v. Corregedore*, 83 Haw. 154, 158-59 (1996) (internal citation, quotation marks, and brackets omitted). Further, a plaintiff "must establish some predicate injury either to property or to another person in order himself or herself to recover for [NIED]." *Kaho'ohanohano v. Dep't of Human Serv.*, 117 Haw. 262, 306-07 (2008) (citing *Doe Parents No. 1*, 100 Haw. at 69-70) (explaining "that an NIED claimant must establish, incident to his or her burden of proving actual injury (i.e., the fourth element of a generic negligence claim), that someone was physically injured by the defendant's conduct.").

Patrakis fails to identify a breach of an independent duty owed to him by Defendants or any actual physical injury to himself or others. *See Shaughnessy*, 2017 WL 663230, at *5 (holding that "generalized" claims of pain and suffering are insufficient to state an NIED claim).

## 2. IIED

To establish an IIED claim, a plaintiff must show that Defendants' actions were intentional or reckless, "outrageous," and caused "extreme emotional distress to another." *Young v. Allstate Ins. Co.*, 119 Haw. 403, 429 (2008) (quoting *Hac v.*

7

*Univ. of Hawaii*, 102 Haw. 92, 106-07 (2003)). "Outrageous" conduct must be "so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ross v. Stouffer Hotel Co. (Hawai'i) Ltd., Inc.*, 76 Haw. 454, 465 n.12 (1994) (quoting Restatement (Second) of Torts § 46, cmt. d. (1965)).

Patrakis does not explain exactly what Defendants did or why their conduct was outrageous. That is, he alleges nothing suggesting that Defendants' alleged failure to prevent unauthorized access to his video equipment was "so outrageous" and extreme, "as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ross*, 76 Haw. at 465 n.12.

To the extent Patrakis alleges NIED or IIED claims, they are DISMISSED for failure to state a claim.

**D. Defamation**

To the extent the Complaint can be liberally construed as alleging defamation, Patrakis fails to state a claim. Under Hawaii law, Patrakis must allege: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher . . . and (d) either actionability of the statement irrespective of special

harm or the existence of special harm caused by the publication." *Wilson v. Freitas*, 121 Haw. 120, 128 (Haw. App. 2009); *see also Isaac v. Daniels*, 2017 WL 2962890, at *5 (D. Haw. June 23, 2017), report and recommendation adopted, 2017 WL 2960511 (D. Haw. July 11, 2017).

Nothing within the Complaint suggests that Defendants made or published any such false or defamatory statements, and such claim is therefore DISMISSED.

### III. LEAVE TO AMEND

Patrakis may file an amended complaint that cures the deficiencies in his claims on or before November 17, 2017. An amended complaint generally supersedes the original complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). An amended pleading must stand on its own without incorporation or reference to a previous pleading. Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed "voluntarily dismissed," and thus waived on appeal, if they are not realleged in an amended pleading. *See Lacey*, 693 F.3d at 928.

### IV. 28 U.S.C. § 1915(g)

If Patrakis fails to file an amended complaint, or is unable to amend his claims to cure their deficiencies, this dismissal shall count as a "strike" under 28

9

U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V. **CONCLUSION**

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

(2) Patrakis may file an amended complaint curing the deficiencies noted above on or before November 17, 2017.

///


///


///

(3) The Clerk of Court is DIRECTED to mail Patrakis a complaint form so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: October 19, 2017 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

_____

<u>Michael Patrakis v. Nest Labs and Tony Fadell</u>; Civil No. 17-00454 DKW KSC; **ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)**

*Patrakis v. Nest Labs*, 1:17-cv-00454 DKW-KSC; scrn 17 Patrakis 17-454 (ftsc contract cl)

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>


<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>