IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL PHILLIP PATRAKIS, #08431-122, | ) ) | CIV. NO. 17-00454 DKW-KSC |
|---|---|---|
| Plaintiff, | ) ) ) ) | DISMISSAL ORDER |
| vs. | ) ) | |
| NEST LABS and TONY FADELL, | ) ) | |
| Defendants. | ) ) ) | |

On October 19, 2017, the Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) for Plaintiff's failure to state a claim on which relief can be granted.[1] The Court granted Plaintiff until November 17, 2017 to file an amended pleading that cured the Complaint's noted deficiencies. Order, ECF No. 7. Plaintiff has neither filed an amended complaint nor requested an extension of the deadline to do so. It appears that he has abandoned this action. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2015).

The Court may dismiss Plaintiff's claims with or without prejudice for his failure to comply with the October 19, 2017 Order to amend the Complaint. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 988 (9th Cir. 1999) (holding plaintiff's

---

[1]Plaintiff is incarcerated at the Federal Detention Center-Honolulu ("FDC") awaiting trial in *United States v. Patrakis*, No. 1:17-cr-00109-LEK (D. Haw. 2017).

failure to comply with minute order to file amended complaint gave district court discretion to dismiss case under Fed. R. Civ. P. 41(b)).[2] The Ninth Circuit identifies five factors that a court must consider before dismissing a case:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

The public interest in the expeditious resolution of this litigation, the Court's interest in managing its docket, the noted lack of merit of Plaintiff's claims, and the lack of prejudice to the unserved Defendants strongly weigh in favor of dismissal of this action. Plaintiff was afforded an opportunity to amend his claims but has failed to do so. Alternatives to dismissal have therefore been provided without success, and the Court declines to provide further opportunities that appear futile.

This action is DISMISSED with prejudice for Plaintiff's failure to amend his pleadings to state a cognizable claim. *See In re Phenylpropanolamine (PPA) Cases*, 460 F.3d 1217, 1226 (9th Cir. 2006). This dismissal shall count as a strike under 28 U.S.C. §1915(g), unless it is overturned on appeal. *See Coleman v.*

---

[2]Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

*Tollefson*, 135 S. Ct. 1759, 1763 (2015).  The Clerk is DIRECTED to enter judgment and terminate this case.

IT IS SO ORDERED.

DATED: December 7, 2017 at Honolulu, Hawai`i.



    /s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Michael Patrakis v. Nest Labs and Tony Fadell*; Civil No. 17-00454 DKW KSC; **DISMISSAL ORDER**

*Patrakis v. Nest Labs*, 1:17-cv-00454 DKW-KSC; Dfcy Dsml Ords '17 Patrakis 17-454 dkw (dsm fail amd)